IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN N. BRUNWASSER,

    Plaintiff(s),

v.

DAVID LEBRYK *Commissioner of Financial
Management Service of the United States
Department of the Treasury*, and
MARY HANNAH, *I.R.S. Collection
Operations Manager*,

    Defendant(s).

10cv0307
**ELECTRONICALLY FILED**

## MEMORANDUM AND ORDER OF COURT GRANTING UNITED STATES' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. NO. 17) AND DENYING PLAINTIFF'S PENDING MOTIONS (DOCS. NO. 20, 22, 23)

Before the Court is the United States' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 17) pursuant to Fed.R.Civ.P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction, because plaintiff's complaint attempts to restrain the assessment or collection of taxes in violation of the Anti-Injunction Act, 26 U.S.C. § 7421(a).[1] In addition to his Brief in Opposition (Doc. No. 21), Plaintiff Allan Brunwasser has filed several motions of his own, to wit: "Plaintiff's Motion for Sanctions against David Lebryk and for General Stay of Proceedings Pending Outcome of this Motion" (Doc. No. 20); "Plaintiff's Motion to Strike Pleading Filed by Tax Division Attorney Katherine M. Walker" (Doc. No. 22); and "Plaintiff's Motion to Deny Trial Attorney May 13, 2010 Motion as a Lack of Candor Sanction" (Doc. No.

---

[1] Citizens Bank of Pennsylvania filed a motion to join (Doc. No. 19) the government's motion to dismiss, which the Court HEREBY GRANTS.

1

23). After careful consideration of said motions and the respective responses thereto, the Court agrees with the government and will grant the Motion to Dismiss Plaintiff's Second Amended Complaint, and will deny all of plaintiff's motions as without merit.

**Rule 12(b)(1) Standard.**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims, the court's "very power to hear the case." See Fed. R. Civ. P. 12(b)(1); *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D.Pa. 2007) (quoting *Mortenson v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir.1995). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must distinguish between facial attacks and factual attacks. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Id*. When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D.Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

The government[2] argues, and the plaintiff does not seriously dispute, that the Anti-Injunction Act bars the relief requested in the complaint. The United States cannot be sued unless it has waived its sovereign immunity, and the terms of the waiver define the scope of the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 607 (1990); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Thus, no suit can be maintained against the United States unless the suit is brought in strict compliance with the terms of the statute under which sovereign immunity has been waived. *Soriano v. United States*, 352 U.S. 270, 276 (1957); *Sherwood*, 312 U.S. at 590.

Section 7421(a) of the Internal Revenue Code, commonly known as the Anti-Injunction Act, provides generally that, with certain statutory exceptions not here applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax is assessed." 26 U.S.C. § 7421(a). Section 7421(a) provides that a taxpayer may bring a suit to enjoin the IRS

---

[2] The United States is the only proper defendant to this action, not the Internal Revenue Service, Department of the Treasury, or individual government employees.

from levying while a request for a collection due process hearing is pending. 26 U.S.C. § 7421(a)(1); 26 U.S.C. § 6330(e)(1). A taxpayer may request a due process hearing before the IRS collects unpaid taxes through issuing a levy. 26 U.S.C. § 6330(a), (b). However, the statute only authorizes one collection due process hearing for each taxable period relating to the unpaid taxes. 26 U.S.C. § 6330(b)(2).

In addition to the statutory exceptions, a narrow judicial exception to the Anti-Injunction Act exists so that jurisdiction over an injunction request may be appropriate where "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990) (emphasis added). See also *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. , 9-10 (2008) (Anti-Injunction Act "principles are fully applicable to claims of unconstitutional taxation . . . . The 'decisions of this Court make it unmistakably clear that the constitutional nature of a taxpayer's claim . . . is of no consequence' to whether the prohibition against tax injunctions applies.") (quoting *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 (1974)); *Zarra v. United States*, 254 Fed.Appx. 931 (3d Cir. 2007) (summarizing narrow exception recognized in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6-8, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) (establishing that unless both irreparable injury to plaintiff and the government's inability to prevail are shown, " § 7421(a) bars any suit for an injunction")).

The Anti-Injunction Act "could scarcely be more explicit." *Enochs*, 370 U.S. at 7. The objective of the Act is to enable the government to collect taxes expeditiously with a minimum of pre-enforcement judicial interference, while permitting the legal right to any disputed sums to be determined post-collection. See *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974); *Judicial*

4

*Watch, Inc. v. Rossotti*, 317 F.3d 401, 404-05 (4th Cir. 2003); *Baker v. United States*, 2009 WL 2996665, *1 (S.D.W.Va. 2009).

The Court finds that even "under the most liberal view of the law and the facts," plaintiff has not met his burden of showing either prong of the *Williams Packing* exception, i.e., he cannot show that there are no circumstances under which the United States will be unable to prevail, nor has he proffered any facts to show that, without an injunction, he would have no other remedy and will suffer irreparable injury. See *D & M Painting Corp. v. United States*, 2009 WL 904691 (W.D.Pa. 2009). Because the plaintiff cannot show he meets any statutory exception or the narrow judicial exception, this Court lacks jurisdiction and the complaint must be dismissed. Accordingly,

AND NOW, this 7th day of June, 2010, it is HEREBY ORDERED that the United States' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 17) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions against David Lebryk and for General Stay of Proceedings Pending Outcome of this Motion (Doc. No. 20), Plaintiff's Motion to Strike Pleading Filed by Tax Division Attorney Katherine M. Walker (Doc. No. 22), and Plaintiff's Motion to Deny Trial Attorney May 13, 2010 Motion as a Lack of Candor Sanction (Doc. No. 23), are HEREBY DENIED.

The Clerk of Court shall mark this case closed.

                                              s/ Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc:    Allen N. Brunwasser, Pro Se
        all ECF registered counsel of record