IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN N. BRUNWASSER,

    Plaintiff(s),

v.

DAVID LEBRYK *Commissioner of Financial Management Service of the United States Department of the Treasury*, and
MARY HANNAH, *I.R.S. Collection Operations Manager*,

    Defendant(s).

10cv0307
**ELECTRONICALLY FILED**

MEMORANDUM AND ORDER OF COURT DENYING
"PLAINTIFF'S MOTION FOR F.R.C.P. 59(e) 'MOTION TO ALTER OR
ABORT A JUDGMENT' AND F.R.C.P. 60(g) 'OVERSIGHTS
AND REASONS THAT JUSTIFY RELIEF'" (DOC. NO. 33)

On June 7, 2010, this Court issued a Memorandum and Order (Doc. No. 32) which, inter alia, dismissed plaintiff Allen Brunwasser's Second Amended Complaint for lack of jurisdiction. Plaintiff has now filed a "Motion for F.R.C.P. 59(e) 'Motion to Alter or Abort a Judgment' and F.R.C.P. 60(g) 'Oversights and Reasons That Justify Relief'" (Doc. No. 33). The Court will deny this motion.

Although plaintiff moves for post judgment relief under both Rule 59 and Rule 60, the Court must focus on "the function of the motion, not its caption" to determine which rule applies. *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984). Plaintiff's motion functions as a motion under Federal Rule of Civil Procedure 59(e) to "alter or amend a judgment" and serves the purposes of Rule 59(e). See *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir.1987) (district court must view post judgment motion as its "functional equivalent," here a Rule 59(e) motion to alter or amend a judgment); accord *Holsworth v. Berg*, 322 Fed. Appx. 143, 146 (3d

Cir. 2009). The United States Court of Appeals for the Third Circuit has described a Rule 59(e) motion as a "'device to relitigate the original issue.'" *Smith*, 853 F.2d at 158 (quoting *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir. 1987).

Plaintiff challenges the Court's decision by ascribing error to this Court's decisions, and then mostly repeating and rearguing the merits of his original position, which arguments the Court has already rejected. Plaintiff's motion in its entirety will, therefore, be treated as a motion under Rule 59(e). See *CTC Imp. & Exp. v. Nigerian Petroleum Corp.*, 951 F.2d 573, 577 (3d Cir. 1991) (treating a Rule 60(b) motion for reconsideration and relief from an order granting Rule 11 sanctions as a Rule 59(e) motion to alter or amend a judgment); *Federal Kemper*, 807 F.2d at 348 (treating a motion for reconsideration of an order entering default judgment as a Rule 59(e) motion). The district court may alter or amend its judgment under Rule 59 where the party seeking relief shows "(1) an intervening change in the controlling law;" (2) the availability of new evidence that was not available when the court issued its order; or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Court has carefully reviewed plaintiff's post judgment motion. Plaintiff does not contend that there has been an intervening change in controlling law or rely on new evidence that was not available when the Court issued its order, and he has failed to show any error of law or fact, let alone any clear error, or that manifest injustice will result if the Court does not grant him relief. Accordingly,

IT IS HEREBY ORDERED that "Plaintiff's Motion for F.R.C.P. 59(e) 'Motion to Alter or Abort a Judgment' and F.R.C.P. 60(g) 'Oversights and Reasons That Justify Relief'" (Doc. No. 33) is DENIED.

SO ORDERED this 17th day of June, 2010

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: Allen N. Brunwasser, Pro Se
all ECF registered counsel of record